```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
BISHOP WILLIAM B. CARACTOR; DISCOVERED     :
BEING MINISTRY, INC.                       :
                  Plaintiffs,              :    11 Civ. 2990 (DLC)
                                           :
       -v-                                 :    OPINION AND ORDER
                                           :
CITY OF NEW YORK DEPARTMENT OF             :
HOMELESS SERVICES; SETH DIAMOND; HELP 1    :
USA; EVELYN ZAMBRANA,                      :
                  Defendants.              :
                                           :
------------------------------------------ X
```

APPEARANCES:

For the plaintiff Bishop William B. Caractor:
Bishop William B. Caractor, proceeding pro se
147-41 Hook Crook Boulevard
Apt. # 1F
Rosedale, New York 11422

For the plaintiff Discovered Being Ministry, Inc.:
Not represented

For the defendants HELP 1 USA and Evelyn Zambrana:
Felice B. Ekelman
Gena Usenheimer
Jackson Lewis LLP
666 Third Avenue, 29th floor
New York, New York 10017

DENISE COTE, District Judge:

Plaintiffs Bishop William B. Caractor ("Caractor") and Discovered Being Ministry, Inc. (the "Ministry"), proceeding pro se, bring this action pursuant to 42 U.S.C. § 1983 against the City of New York Department of Homeless Services ("DHS"), Seth Diamond ("Diamond"), HELP 1 USA ("HELP"), and Evelyn Zambrana

1

("Zambrana").  HELP and Zambrana (the "HELP Defendants") move to dismiss the claims against them.  For the following reasons, the HELP Defendants' motion to dismiss is granted with respect to the claims asserted by Caractor.

BACKGROUND

The following facts are taken from the complaint and assumed to be true for the purposes of this motion.  <u>LaFaro v. New York Cardiothoracic Group, PLLC</u>, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).  Caractor is the presiding prelate of the Ministry, an entity incorporated in the states of New York, South Carolina and Florida.  Diamond is the Commissioner of DHS.  HELP is a not-for-profit organization that provides temporary and permanent housing for homeless families subject to the policies and procedures of DHS.  Zambrana is an employee of HELP with the title of director.

On January 19, 2010, Caractor and his family signed up for housing through the PATH system of DHS.  Two days later, they were assigned to HELP 1, a housing facility owned by HELP in Brooklyn, New York.  On January 23, Caractor spoke with Zambrana to request permission to host church services at HELP 1.  She informed him that he should direct his inquiry to counsel for DHS by letter.  Although Caractor does not specifically state this in the Complaint, it appears that he then sent a letter to

2

counsel for DHS.  The DHS counsel's office responded by letter, denying his request.  In March 2010, Caractor sent a letter to Diamond again requesting leave to host his church services at HELP 1.  A DHS staff attorney responded to that letter, again denying his request.  Caractor alleges that other facilities owned by DHS and/or HELP have allowed other churches to bring in services.  These facilities include HELP 1.

Caractor filed the complaint in this action on April 25, 2011.  The "HELP Defendants" moved to dismiss the complaint on August 31.  By Order dated September 1, Caractor was permitted to amend his complaint by September 28 or file an opposition to the motion to dismiss.  He was advised that he would not be granted a further opportunity to amend the complaint to address the issues raised by the HELP Defendants' motion.  Caractor did not amend his complaint, instead filing an opposition on September 6.  This motion was fully submitted on October 10.

DISCUSSION

Caractor alleges that the defendants violated his rights under the First Amendment by denying him access to host religious services at HELP 1.  Caractor argues that DHS-affiliated housing facilities, including HELP 1, are public fora, and that the decision to ban his church services, but not others, is a violation of his First Amendment rights to free

3

speech and free exercise of religion.  The HELP Defendants argue that Caractor has failed to allege a claim against them because he has not alleged that they were personally involved in any violation of his constitutional rights.[1]

I.   Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (citation omitted).  A court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro, 570 F.3d at 475.  Moreover, pleadings filed by pro se plaintiffs are to be construed liberally.  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted).  The rule favoring liberal construction of pro se submissions is especially applicable to civil rights claims.  See Weixel v. Bd. of Ed. of the City of New York, 287 F.3d 138, 146 (2d Cir. 2002).  A complaint must do more, however, than

---

[1] The HELP Defendants also argue that the claims against them should be dismissed because Caractor has not alleged that their actions were taken under color of state law.  As the HELP Defendants are dismissed from this case because the complaint does not contain facts supporting their personal involvement in the alleged violation of Caractor's rights, this alternate defense need not be considered.

4

offer "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50. Accordingly, a court may disregard "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Id. at 1940. Furthermore, although a court is "obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [it] cannot invent factual allegations that he has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

## II. Failure to Allege a Claim Against the HELP Defendants

The Help Defendants move to dismiss on the ground that they were not personally involved in the alleged deprivation of Caractor's rights. Individuals may seek relief of violations of their rights under the First Amendment by filing a suit pursuant to § 1983. Zalaski v. City of Bridgeport Police Dept., 613 F.3d 336, 339 & n.2 (2d Cir. 2010). Section 1983 provides in part that

> [e]very person who, under color of any statutes, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show: "(1) actions taken under color of law; (2)

5

deprivation of a constitutional or statutory right; (3) causation; (4) damages." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).

A defendant's conduct must be a proximate cause of the claimed violation in order to find that the defendant deprived the plaintiff of his rights. Martinez v. California, 444 U.S. 277, 285 (1980). It is "well settled" that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citation omitted). One must "allege facts establishing the personal involvement" of each defendant in connection with claimed violations of First Amendment rights. Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011).

Caractor's complaint does not allege personal involvement of the HELP Defendants in the alleged violation of his First Amendment rights. The only alleged action of the HELP Defendants is that Zambrana referred his query about hosting church services at HELP 1 to DHS. The remaining references to the HELP Defendants in the complaint are merely statements of his legal arguments, not factual allegations. Caractor does not allege that Zambrana or HELP denied his request or played any role in the decision denying his request. Nor does he allege that, in referring his request to DHS, Zambrana or HELP was

6

treating him differently from how they have treated other individuals who had sought to host church services at HELP 1 or other facilities.

Caractor declined to amend his complaint in response to the HELP Defendants' motion to dismiss despite being informed it would be his last opportunity to do so.  He also did not address this argument in his opposition to the motion.  Therefore, the claims against the HELP Defendants are denied with prejudice.

CONCLUSION

The HELP Defendants' August 31, 2011 motion to dismiss all claims asserted by Caractor against them is granted.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:    New York, New York
          November 22, 2011

                                        _____
                                                  DENISE COTE
                                        United States District Judge

7

COPIES MAILED TO:

William B. Caractor
147-41 Hook Crook Boulevard
Apt. # 1F
Rosedale, NY 11422

Gena Usenheimer
Jackson Lewis LLP
666 Third Ave., 29th floor
New York NY 10017

Janice Casey Silverberg
City of New York Law Dep't
100 Church Street
New York, NY 10007